In the Matter of WILSON C. ALLEN, an Incompetent Person.

Supreme Court, New York County, December 7, 1931.

*Edward B. Schulkind,* special guardian.

*Theodore Geier,* committee.

*Lynn C. Goodnough* [*Anson W. Van Ness* of counsel], for The Prudence Company, Inc., and for Prudence Bonds Corporation.

EDWARD R. RAYHER, Referee.   Pursuant to the order appointing me referee to take and state the account of the committee, I am also directed to inquire into the advisability of continuing the investments made by the committee as shown in the account. The only investment is a participation in bond and mortgage represented by certificate No. 666 in the sum of $4,500, issued by Prudence Bonds Corporation, with principal and interest at the rate of five and one-half per cent guaranteed by the Prudence Company, Inc.   The certificate is dated October 21, 1929, and is payable on June 1, 1934, and is a participation in a senior and prior interest of $3,000,000 in the bond of Printing Crafts Realty Corporation dated May 31, 1929, and in the mortgage securing the same covering premises situate on the westerly side of Eighth avenue from Thirty-third street to Thirty-fourth street, in the borough of Manhattan, city of New York.

The special guardian who had filed objections to the investment withdrew his objections thereto, as appears from the annexed minutes of June 9, 1931.   Although the special guardian has withdrawn his objections, the question presented on this reference is whether a participation in bond and mortgage, represented by certificate containing such provisions as are incorporated in certificate No. 666 held by the committee, is a legal investment for trust funds within the provisions of the statutes.

The statutory provisions regulating and restricting the investment of fiduciary funds are section 21 of the Personal Property Law (as amd. by Laws of 1928, chap. 362), section 111 of the Decedent Estate Law (as amd. by Laws of 1928, chap. 362), section 85 of the Domestic Relations Law, and section 1384-1 of the Civil Practice Act.

Section 21 of the Personal Property Law reads, in part, as follows: " A trustee or other person holding trust funds for investment may invest the same in the same kind of securities as those in which savings banks of this state are by law authorized to invest the money deposited therein, and the income derived therefrom * * * and in bonds and mortgages on unincumbered real property in this state worth fifty per centum more than the amount loaned thereon, and in shares or parts of such bonds and mortgages, * * * "

Section 111 of the Decedent Estate Law is, in part, as follows:

" An executor, administrator, trustee or other person holding trust funds for investments may invest the same in the same kind of securities as those in which savings banks of this state are by law authorized to invest the money deposited therein, and the income derived therefrom, * * * and in bonds and mortgages on unincumbered real property in this state worth fifty per centum more than the amount loaned thereon, and in shares or parts of such bonds and mortgages, * * *."

Section 85 of the Domestic Relations Law is as follows: " A guardian holding trust funds for investment has the powers provided by section one hundred and eleven of the Decedent Estate Law for an executor or administrator."

Section 1384-1 of the Civil Practice Act (relative to incompetent veterans and infant wards of the United States Veterans' Bureau) reads: " Every guardian shall invest the funds of the estate in the same kind of securities as those in which savings banks of this state are by law authorized to invest the money deposited therein, and the income derived therefrom, and in bonds and mortgages on unincumbered real property in this state worth fifty per centum more than the amount loaned thereon."

The word " guardian " is also defined in section 1384-a as any person acting as fiduciary for a " ward."

Both section 21 of the Personal Property Law and section 111 of the Decedent Estate Law provide that trust funds may be invested in shares or parts of bonds and mortgages:

1. On unincumbered real property in this State;

2. Which is worth fifty per centum more than the amount loaned thereon;

3. Provided that any share or part of such bond and mortgage shall not be subordinate to any other shares thereof, and shall not be subject to any prior interest therein;

4. Provided, further, that bonds and mortgages, in parts of which any fiduciary may invest trust funds, together with any guaranties of payment, insurance policies and other instruments and evidences of title relating thereto, shall be held for the benefit of such fiduciary and of any other person interested in such bonds or mortgages by

(a) A trust company;

(b) A bank authorized to conduct trust department;

(c) Or title guaranty corporation organized under the laws of this State;

(d) Or a national bank located in this State and duly authorized to act as a trustee therein.

5. That a certificate setting forth that such corporation holds such instrument for the benefit of such fiduciary and of any other

persons who may be interested in such bond and mortgage, among whom the corporation holding such instruments may be included, be executed by such corporation and delivered to each person who becomes interested in such bond and mortgages.

6. Every corporation issuing any such certificate shall keep a record in proper books of account of all certificates issued pursuant to the foregoing provisions.

7. An executor, administrator, trustee or other person holding trust funds may require such personal bonds or guaranties of payment to accompany investments as may seem prudent, and all premiums paid on such guaranties may be charged to or paid out of income, provided that such charge or payment be not more than at the rate of one-half of one per cent per annum on the par value of such investments.

8. But no trustee shall purchase securities thereunder from himself.

Whether a participation in bond and mortgage is a legal investment for trust funds depends solely upon whether it meets with the requirements of the statutes (Pers. Prop. Law, § 21; Dec. Est. Law, § 111) above noted. It is clear that the Legislature intended the bond and mortgage to be the primary security, and the guaranty, if any, secondary. To render a participation in bond and mortgage legal under the sections above referred to, it is not necessary that there be a guaranty of payment.

In this case the participation certificate held by the committee, a speciman copy of which is hereto annexed, provides: " that the committee as holder thereof is entitled to a $4,500 undivided share or equal part in a senior and prior interest of $3,000,000 in the bond of Printing Crafts Realty Corporation dated May 31, 1929, and in the mortgage securing the same covering the premises situate on the westerly side of Eighth Avenue from 33d Street to 34th Street, in the Borough of Manhattan; that said share or part in said bond and mortgage is not and shall not be subordinate to any share or shares thereof, and is not and shall not be subject to any prior interest therein; that the bond and mortgage with the guarantee of the Prudence Company, Inc. guaranteeing to the holder of this and similar certificates payment of principal and interest, and insurance policies and other instruments and evidences of title relating thereto, and an appraisal showing the value of the property covered by said bond and mortgage to be worth at least 50% more than the amount of said senior and prior interest in said bond and mortgage are and shall continue to be held for the benefit of the holder of this certificate and of any other person who may be interested in said senior and prior interest in said

bond and mortgage by the Chatham Phenix National Bank and Trust Company."

Indorsed on said participation certificate is the certificate of Chatham Phenix National Bank and Trust Company as depositary certifying " that the bond and mortgage referred to in said participation certificate, the guarantee of the Prudence Company, Inc. guaranteeing payment of principal and interest and insurance policies and other instruments and evidences of title relating to said bond and mortgage, and the appraisal referred to in said certificate are held by said depositary for the benefit of the holder of said certificate and of any other person interested in said bond and mortgage, and further certifying that the share or part of said bond and mortgage represented by said certificate is not and shall not be subordinate to any other share or shares thereof, and is not and shall not be subject to any prior interest therein."

Apparently the senior and prior interest of $3,000,000 in the bond and mortgage of Printing Crafts Realty Corporation is tantamount to a first mortgage for the reason that section 1086 of the Civil Practice Act authorizes the foreclosure of a prior interest in a bond and mortgage. Whether it is a valid first lien on the premises with the buildings thereon does not appear on the face of the participation certificate. (Of the two forms of participation certificates in general use, one recites " and in the first mortgage securing the same," while the other recites, " The mortgage is a valid lien on premises with the buildings thereon.")

Assuming that the prior interest of $3,000,000, being equivalent to a first mortgage, thereby comes within the purview of the statutes (Pers. Prop. Law, § 21; Dec. Est. Law, § 111), the recitations contained in said certificates, above referred to, are all that are required to describe the certificate as meeting the statutory requirements, except that the certificate does not show on its face that the mortgage is on unincumbered property as above noted.

But in addition to the provisions of the participation certificate above referred to, said certificate also contains the following:

" All certificates evidencing ownership of a share or part in said senior or prior interest in said bond and mortgage are issued and held pursuant to a deposit agreement dated June 7, 1929, between the Corporation and said Chatham Phenix National Bank and Trust Company, and the holder of this certificate, by accepting the same agrees to all of the conditions and agreements contained in said deposit agreement and to the following condition among others:

" 2. The Corporation upon the consent of the Guarantor, may at any time waive or modify any condition or provision contained

in said bond and mortgage and extend or waive the payment of any instalment of principal under the terms of said bond and mortgage, provided that the Guarantor shall not be released in any event from paying this certificate in accordance with the terms thereof."

Condition numbered " 2," as will be seen, confers upon the Prudence Bonds Corporation, with the consent of the Prudence Company, Inc., the right at any time to waive or modify any condition or provision contained in said bond and mortgage, and to extend or waive the payment of any installment of principal under the terms of said bond and mortgage, provided that the guarantor shall not be released in any event from paying said certificate in accordance with the terms thereof. It is unnecessary to consider the effect of the deposit agreement (the agreement between the Prudence Bonds Corporation and the Chatham Phenix National Bank and Trust Company, depositary), since in my opinion the condition or agreement numbered " 2 " above quoted vitiates the participation agreement by making possible the impairment of the security of the bond and mortgage in granting power to the Prudence Bonds Corporation, with consent of the Prudence Company, Inc., to at any time (a) waive or modify any condition or provision contained in said bond and mortgage; and (b) to extend or waive the payment of any installment of principal under the terms of said bond and mortgage provided only the guarantor shall not be released.

It appears in this proceeding that the Prudence Bonds Corporation and the Prudence Company, Inc., are different legal entities, *i. e.*, separate corporations, while for all other practical purposes they must be regarded as one and the same. Counsel for both frankly stated, " There is an interlocking of directors, and the Prudence Bonds Corporation is for practical purposes controlled by the Prudence Company, Inc."

Under condition numbered " 2 " of the participation certificate above quoted, at the whim of the mortgagee and guarantor, who are for all practical purposes one and the same corporation, the mortgagor may be indefinitely released from meeting any obligation imposed upon it under the mortgage, provided only that the guarantor, the Prudence Company, Inc., by such modification of the mortgage made with its approval, is not released from its liability as guarantor. The effect of this provision is that the mortgagee, *i. e.*, the trustee for the certificate holders, cannot enforce the collection of the principal indebtedness or arrears in interest, although the certificate holders may so desire, so long as the Prudence Company, Inc., is willing to acquiesce in extending

the payment of any obligation due from the mortgagor under the provisions of the mortgage.

It cannot be assumed, however, that it was the intention of the Legislature to authorize the investment of trust funds in such a manner that repayment thereof to the trust estate cannot be enforced, except at the option of the obligee.

The history of legislation dealing with the safeguarding and preservation of the rights and the properties of trusts is of such common knowledge that time will not be taken here to recite the history thereof. It is inconceivable that any indenture containing paragraph numbered " 2 " of the participation certificate above referred to, or a similar provision, would be approved by the court as a proper investment for trust funds.

Counsel for the Prudence Bonds Corporation and the Prudence Company, Inc., contends that the provision in condition numbered " 2," authorizing the corporation, upon the consent of the guarantor, to at any time extend or waive the payment of any installment of principal under the terms of the bond and mortgage, refers only to amortization, and only in the postponement of payment of some amortization installment for a period ending not later than at the maturity of the balance of principal payable under the bond and mortgage. With this construction I do not agree. In my opinion, the provision which authorizes the corporation, with the consent of the guarantor, to waive the payment of any installment of principal applies alike to amortization payments and to the last balance of principal to become due under the bond and mortgage.

Counsel for the Prudence Bonds Corporation and the Prudence Company, Inc., further contends that the certificate in question is a form similar to that generally employed for the purpose, " including provisions which their experience has indicated as essential for the most effective protection of the holders of its first mortgage certificates." Certainly, the certificate in question is not a form of certificate generally employed by other corporations issuing participations in bonds and mortgages.

By ex parte order dated October 8, 1929, the committee herein was authorized to invest $4,500 in a guaranteed first mortgage certificate of the Prudence Company, Inc., bearing not less than five and one-half per cent interest. It was undoubtedly assumed by the justice of the Supreme Court who signed this order that the committee would accept no certificate that did not comply with the statutory provisions. In any event, an ex parte order would be no protection to the committee in the light of *Hill* v. *Guaranty Trust Company* (157 App. Div. 907).

Accordingly, the committee herein should be directed to with-

draw from the estate the investment referred to, and to substitute therefor cash or legal securities, but without loss of interest to the estate; and in the meantime he should be surcharged therewith.

COLLINS, J. The opinion of the referee is adopted as the opinion of the court. The court is mindful that the committee in purchasing the challenged certificates acted in good faith and under a permissive order of this court. Since the objection runs to the peculiar wording of the certificates, the issuing company by changing the language may bring the certificates within the statutory requirements for legal investments. This disposition is without prejudice to such other or different order as may be warranted on proper showing by the committee that the present certificates have been substituted by such new certificates as will comply with the referee's views.